Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JORGE SÁNCHEZ RODRÍGUEZ<br><br>Peticionario<br><br>V.<br><br>ADALBERTO SÁNCHEZ RODRÍGUEZ, SARAH RODRÍGUEZ FELICIANO, FULANO DE TAL<br><br>Recurridos | KLCE202400867 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Sebastián<br><br>Caso Núm.: SS2023CV00021<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 21 de agosto de 2024.

El 12 de agosto de 2024, compareció ante este Tribunal de Apelaciones, el señor Jorge Sánchez Rodríguez (en adelante, señor Sánchez Rodríguez o parte peticionaria), mediante recurso de *Certiorari.* Por medio de este, nos solicita que revisemos la *Resolución* emitida el 10 de julio de 2024, y notificada el 12 de julio de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Sebastián. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar una solicitud de sentencia sumaria presentada por la parte peticionaria. Por otro lado, el 16 de agosto de 2024, la parte peticionaria presentó la *Moción en Auxilio de Jurisdicción y Solicitud de Paralización Bajo la 79 del Reglamento del Tribunal de Apelaciones y Solicitud de Autorización para Regrabación y Presentación de Transcripción.*

Por los fundamentos que se exponen a continuación, se declara No Ha Lugar la *Moción en Auxilio de Jurisdicción* presentada

Número Identificador

SEN2024 _____

por la parte peticionaria, se expide el recurso de *Certiorari* y se confirma el dictamen recurrido.

## I

Los hechos que propiciaron la controversia de epígrafe se remontan a una *Demanda* sobre división de herencia, presentada por el señor Sánchez Rodríguez en contra del señor Adalberto Sánchez Rodríguez y de la señora Sarah Rodríguez Feliciano (en adelante, señora Rodríguez Feliciano, y en conjunto, parte recurrida). En esencia, alegó que, junto al señor Adalberto Sánchez Rodríguez, formaba parte de la comunidad hereditaria del señor Jorge Adalberto Sánchez Lugo, quien falleció el 25 de junio de 2019. Solicitó al foro primario que, ordenara la liquidación y división de los bienes a los fines de que estos fuesen adjudicados conforme a derecho.

En respuesta, la parte recurrida presentó la *Contestación a la Demanda*. Argumentó que, las partes se encontraban atadas a una comunidad de bienes posgananciales que no había sido liquidada y que, esta debía ser liquidada con premura.

Luego de varios trámites procesales innecesarios pormenorizar, el 12 de junio de 2024, la parte peticionaria presentó la *Moción Solicitando al Tribunal que Dicte Sentencia Sumaria*. En su moción, esbozó catorce (14) hechos que, a su juicio, no se encontraban en controversia.

Posteriormente, la parte recurrida presentó la *Oposición a Moción de Sentencia Sumaria*. En apretada síntesis, argumentó que la moción de sentencia sumaria de la parte peticionaria no cumplía con los requisitos de la Regla 36.3 de las Reglas de Procedimiento Civil. Lo anterior, por motivo de que, en los catorce (14) hechos propuestos, la parte peticionaria no había incluido referencia alguna a prueba que los sostuvieran. Arguyó que, ello era más que suficiente para que el Tribunal de Primera Instancia declarara No

Ha Lugar de plano la solicitud de sentencia sumaria. Por otro lado, esbozó varios hechos que entendía se encontraban en controversia y que, por ello, no procedía que se dictara sentencia sumaria.

Así las cosas, la primera instancia judicial emitió la *Resolución* cuya revisión nos ocupa. En virtud de esta, concluyó que, la moción de sentencia sumaria presentada por la parte peticionaria incumplía con las especificaciones de la Regla 36 de Procedimiento Civil, *infra*. Consecuentemente, declaró No Ha Lugar la *Moción Solicitando al Tribunal que Dicte Sentencia Sumaria.*

En desacuerdo, la parte peticionaria presentó la *Reconsideración y Solicitud de Determinaciones Adicionales de Hechos*. Esta fue declarada No Ha Lugar mediante *Resolución* emitida el 17 de julio de 2024 por el foro primario.

Aun inconforme, la parte peticionaria acudió ante este foro revisor y esgrimió los siguientes señalamientos de error:

- Erró el TPI al denegar la solicitud de Sentencia Sumaria usando como base solamente un requisito de forma.

- Erró el TPI al no evaluar e interpretar el derecho ante la inexistencia de una controversia de hechos real y sustancial.

- Erró el TPI al no evaluar e interpretar los anejos que acompañan a la solicitud de sentencia sumaria.

- Erró el TPI al no aplicar la R. 36.4 de Procedimiento Civil de P, 32A LPRA Ap. V, Capítulo V, Regla 36.4 (2023) que reza: "Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, será obligatorio que el Tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad".

El 16 de agosto de 2024, la parte peticionaria presentó la *Moción en Auxilio de Jurisdicción y Solicitud de Paralización Bajo la 79 del Reglamento del Tribunal de Apelaciones y Solicitud de Autorización para Regrabación y Presentación de Transcripción*.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta[1].

**II**

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[2]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

---

[1] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

[2] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no

intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Sentencia Sumaria

La sentencia sumaria es un mecanismo procesal disponible en nuestro ordenamiento que nos permite resolver controversias sin que se requiera llegar a la etapa de juicio.[3] *Segarra Rivera v. Int'l Shipping et al.*, 208 DPR 964 (2022); *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981 (2023); *González Meléndez v. Mun. San Juan et al.*, 2023 TSPR 95, 212 DPR 601 (2023); *Birriel Colón v. Econo y Otros*, 2023 TSPR 120, 213 DPR ___ (2023) *Delgado Adorno v. Foot Locker Retail*, 208 DPR 622 (2022). La sentencia sumaria está regida por la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, la cual desglosa los requisitos específicos con los que debe cumplir esta norma procesal. *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 224 (2015).

Ante la ausencia de una controversia sustancial y real sobre hechos materiales, sólo resta aplicar el derecho pertinente a la controversia. *Serrano Picón v. Multinational Life Ins.*, supra, pág. 992. Cuando se habla de hechos materiales, nos referimos a aquellos que pueden determinar el resultado de la reclamación, de conformidad con el derecho sustantivo aplicable. Así pues, el propósito de la sentencia sumaria es facilitar la pronta, justa y

---

[3] *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021); *Rosado Reyes v. Global Healthcare,* 205 DPR 796, 808 (2020).

económica solución de los casos que no presenten controversias genuinas de hechos materiales.[4] *Alicea Pérez v. Coop. Seg. Múlt. et al.*, 210 DPR 71 (2022). Procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia admisible, se acredita la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y material y, además, si procede en derecho. *SLG Fernández-Bernal v. RAD-MAN*, supra, pág. 13. De la prueba adjunta a la solicitud de sentencia sumaria, deberá surgir preponderadamente la inexistencia de controversia sobre los hechos medulares del caso. *Birriel Colón v. Econo y Otros*, supra.

La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, detalla el procedimiento que deben seguir las partes al momento de solicitar que se dicte una sentencia sumaria a su favor. A esos efectos, establece que una solicitud al amparo de ésta deberá incluir: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) **una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal**; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V.

---

[4] *Velázquez Ortiz v. Gobierno Mun. De Humacao,* 197 DPR 656, 662-663 (2017); *SLG Fernández-Bernal v. RAD-MAN,* supra, pág. 13; *Roldán Flores v. M. Cuebas, Inc.,* 199 DPR 664, 676 (2018).

R. 36.3. *Rodríguez García v. UCA,* 200 DPR 929, 940 (2018); *SLG Fernández-Bernal v. RAD-MAN,* supra, pág. 14. (*Énfasis suplido*).

La sentencia sumaria no procederá en las instancias que: 1) existan hechos materiales y esenciales controvertidos; 2) haya alegaciones afirmativas en la demanda que no han sido refutadas; 3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o 4) como cuestión de derecho, no proceda. *SLG Fernández-Bernal v. RAD-MAN,* supra, pág. 14; *Serrano Picón v. Multinational Life Ins.,* supra, pág. 992.

El oponente a la sentencia sumaria debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones *Birriel Colón v. Econo y Otros,* supra; *Ramos Pérez v. Univisión,* supra, págs. 215-216. Las meras afirmaciones no bastan. *Íd.* "Como regla general, para derrotar una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos. que pongan en controversia los hechos presentados por el promovente". *Ramos Pérez v. Univisión,* supra, pág. 215. (Cita omitida). *Roldán Flores v. M. Cuebas, Inc.,* supra, pág. 677. Además, se le exige a la parte que se oponga ciertas exigencias adicionales. Primeramente, deberá presentar una relación concisa y organizada de los hechos esenciales y pertinentes que, a su juicio, estén en controversia, citando específicamente los párrafos según fueron enumerados por el promovente de la moción. *SLG Fernández-Bernal v. RAD-MAN,* supra, pág. 15. También, deberá enumerar los hechos que no estén en controversia, con indicación de los párrafos o páginas de las declaraciones juradas u otra prueba admisible donde se establezcan estos. *Íd.* En adición, deberá esbozar las razones por las cuales no se debe dictar sentencia sumaria, argumentando el derecho aplicable. *Íd.*; 32 LPRA Ap. V, R. 36.3(b).

Respecto a la revisión de las sentencias sumarias, el foro apelativo deberá utilizar los mismos criterios que el Tribunal de Primera Instancia. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 114 (2015); *González Meléndez v. Mun. San Juan*, supra. Nuestro Máximo Foro ha sido claro en que, [l]os tribunales apelativos estamos limitados a: (1) considerar los documentos que se presentaron ante el foro de primera instancia; (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) comprobar si el derecho se aplicó de forma correcta. *Birriel Colón v. Econo y Otros*, supra.  De acuerdo a lo anterior, el foro apelativo está obligado a examinar *de novo* la totalidad de los documentos incluidos en el expediente de la forma más favorable al promovido. *Íd. Serrano Picón v. Multinational Life Ins.*, supra, pág. 993; *Meléndez González et al. v. M. Cuebas*, supra, pág.  116.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

### III

En su primer señalamiento de error, la parte peticionaria aduce que, el foro de primera instancia incidió al denegar la solicitud de sentencia sumaria bajo el fundamento de requisito de forma.

Como segundo señalamiento de error, la parte peticionaria sostiene que, el foro primario se equivocó al no evaluar e interpretar el derecho ante la inexistencia de una controversia de hechos real y sustancial.

La parte peticionaria, en su tercer señalamiento de error arguye que, el foro *a quo* incidió al no evaluar e interpretar los anejos que acompañan la solicitud de sentencia sumaria.

En su cuarto señalamiento de error, la parte peticionaria sostiene que el Tribunal de Primera Instancia erró al no aplicar la Regla 36.4 de Procedimiento Civil.

Por encontrarse intrínsecamente relacionados, discutiremos los señalamientos de error de forma conjunta.

Adelantamos que, no le asiste la razón. Veamos.

En el ejercicio de nuestra función revisora, en primer lugar, nos corresponde: examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario y revisar que tanto la moción de sentencia sumaria como su oposición, cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*.[5]

De un ponderado análisis del expediente ante nuestra consideración, surge que, la parte peticionaria no cumplió con las formalidades dispuestas por la Regla 36.3 de Procedimiento Civil, *supra*. A pesar de que propuso catorce (14) hechos que, a su juicio, no se encontraban en controversia, esta no hizo alusión a los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se estableen tales hechos, así como cualquier otro documento admisible en evidencia que se encuentre en el expediente[6].

Nuestro Máximo Foro ha reiterado que lo dispuesto por la Regla 36.3 de Procedimiento Civil no es un mero formalismo, ni constituye un simple requisito mecánico sin sentido. Puesto que, ostenta un propósito laudable, por lo que, su relevancia es indiscutible[7].

Por otro lado, cabe señalar que, la parte recurrida cumplió cabalmente con las formalidades dispuestas por la Regla 36.3 de Procedimiento Civil, *supra*. En específico, realizó esbozó una relación concisa y organizada, con referencia a los párrafos enumerados por la parte peticionaria, de los hechos esenciales y

---

[5] *Roldán Flores v. M. Cuebas, Inc.*, supra, pág. 679.
[6] Regla 36.6(a) de Procedimiento Civil, *supra*.
[7] Véase *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414, 434 (2013).

pertinentes que entendía realmente controvertidos, con indicación de los párrafos o páginas de prueba admisible donde se establecían tales hechos.[8]

En vista de que la parte peticionaria incumplió con los requisitos procesales de la Regla 36.3 de Procedimiento Civil, *supra*, el Tribunal de Primera Instancia no estaba obligado a realizar determinaciones de hechos.

Conforme a lo anterior, no vemos razón para intervenir con el dictamen del foro recurrido.

**IV**

Por los fundamentos que anteceden, se declara No Ha Lugar la *Moción en Auxilio de Jurisdicción* presentada por la parte peticionaria, se expide el recurso de *Certiorari* y se confirma el dictamen recurrido.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] 32 LPRA Ap. V, R. 36.3(b)